PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
LARA A. PETERSEN - State Bar No. 318475
lpetersen@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: (310)553-3000
Fax: (310) 556-2920

Attorneys for Plaintiff

Glaser Weil

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHEN J. CLOOBECK, an individual,

Plaintiff,

v.

ANTONIO R. VILLARAIGOSA, an individual; ANTONIO VILLARAIGOSA FOR GOVERNOR 2026, a non-profit political organization; and DOES 1-10, inclusive,

Defendants.

Case No.: 2:25-cv-03790

**COMPLAINT FOR:**
**(1) FEDERAL TRADEMARK INFRINGEMENT**
**(2) FEDERAL UNFAIR COMPETITION**

**JURY TRIAL DEMANDED**

Plaintiff Stephen J. Cloobeck ("Plaintiff" or "Cloobeck") hereby brings this Complaint against Defendants Antonio R. Villaraigosa ("Villaraigosa"), Antonio Villaraigosa for Governor 2026 (the "Campaign"), and Does 1-10 (collectively, "Defendants") for injunctive relief and damages. Plaintiff alleges as follows:

**NATURE OF THE CLAIMS**

1. Cloobeck and Villaraigosa are candidates for Governor of California. In connection with Cloobeck's campaign, Cloobeck has been using the trademark "I AM A PROVEN PROBLEM SOLVER" ("Senior Mark"), which is subject to U.S. Trademark Application Serial No. 98899658 ("Application").

2. This lawsuit arises out of Defendants' pervasive and unrelenting use of a confusingly similar trademark "PROVEN PROBLEM SOLVER" ("Infringing Mark") in connection with Villaraigosa's campaign. Defendants have aimed solely at unfairly competing with Plaintiff by displaying and marketing the Infringing Mark.

3. Despite attempts to resolve this matter informally, Defendants persist in their unlawful conduct. As a result, Plaintiff seeks the legal remedies set forth herein.

**PARTIES**

4. Plaintiff is an individual residing in the Los Angeles County in the State of California.

5. On information and belief, Villaraigosa is an individual residing in Los Angeles County in the State of California.

6. On information and belief, the Campaign is a non-profit political organization located in Sacramento County in the State of California.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive (individual, a "Doe Defendant" and collectively, "Doe Defendants") are unknown to Plaintiff at this time, and Plaintiff, therefore, sues Doe Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the same shall have been ascertained. On information and belief, each Defendant was responsible intentionally, or in some other

Glaser Weil

actionable manner for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereafter alleged.

8. Any reference to Defendants shall refer to each named Defendant and all Doe Defendants, and to each of them. Any reference to a particular Defendant shall refer to the named Defendant only.

9. On information and belief, Defendants are responsible for their acts and for their conduct, which are the true legal causes of the damages herein alleged.

## JURISDICTION AND VENUE

10. This is an action for trademark infringement arising under the trademark laws of the United States, Title 15, United States Code. Subject matter jurisdiction as to these claims is conferred on this Court under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)-(b).

11. This Court has personal jurisdiction over Defendants because Defendants reside in California.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Villaraigosa resides in this district and all Defendants are residents of the State of California.

## FACTUAL BACKGROUND

13. Since at least as early as March 2024, Cloobeck has been continuously using the Senior Mark, I AM A PROVEN PROBLEM SOLVER, in connection with his gubernatorial campaign.

14. Since its date of first use, the Senior Mark has been and still is the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote its Senior Mark through his campaign and to the public, for example, in campaign speeches and as a consistent campaign message to the public.

15. Through careful cultivation of his platform for California governor, Cloobeck has developed an outstanding reputation and established an extremely loyal

Glaser Weil

following. Through Cloobeck's widespread and continuous use of the Senior Mark, it has acquired extensive goodwill, developed a high degree of distinctiveness, and become famous, well known, and recognized as identifying Cloobeck's campaign.

16. Though Plaintiff has developed strong common law rights in the Senior Mark, on December 12, 2024, Plaintiff filed the Application to register the Senior Mark in International Classes 016, 018, 025, 026, 035, 036, 041, and 045. *See* **Exhibit A** for a true and correct copy of the Application.

17. On information and belief, months after Cloobeck's first use of the Senior Mark in connection with his gubernatorial campaign, Villaraigosa began using the Infringing Mark in connection with his competing campaign, including on his website and social media accounts. *See* below examples of Villaraigosa's use of the Infringing Mark:




Glaser Weil


antonio2026.com/record-of-results
ANTONIO
VILLARAIGOSA
ABOUT ANTONIO
RECORD OF RESULTS
ISSUES
NEWS
GET INVOLVED
ENDORSE
HELP & DONATE - LA COUNTY FIRES
ENGLISH
A PROVEN PROBLEM SOLVER DELIVERING BALANCED BUDGETS, BETTER SCHOOLS, SAFER NEIGHBORHOODS, GOOD JOBS, ENVIRONMENTAL PROTECTIONS, AND LOWER COSTS
As Leader of the State Assembly, Antonio Villaraigosa worked with Democrats and Republicans to balance state budgets while investing in schools and public safety, providing tax cuts and tax relief for Californians, and with a $13 billion budget surplus to prevent cuts to vital services.
As Mayor of Los Angeles, he led efforts to cut violent crime by 48%, turned around failing schools, and led the city's economic recovery out of


Glaser Weil


instagram.com/antonioforcalifornia/?hl=en
antonioforcalifornia
Follow
Message
310 posts
6,846 followers
445 following
Antonio R. Villaraigosa
antonioforcalifornia
Public figure
Proven Problem Solver. Served as Civil Rights Leader, CA State Assembly Speaker, L.A. Mayor.
antonio2026.com + 1


antonioforcalifornia • Follow
Original audio
antonioforcalifornia California is the state where anything is possible with hard work and determination—but our future depends on our willingness to face our biggest challenges.
I'm running for Governor because I'm a proven problem solver, delivering results during tough times on issues that matter like reducing crime, improving schools, and balancing the state budget.
I know we can do big things for California, because I've done them before.
Join our campaign here: Antonio2026.com
Edited · 37w
mauriciomejia VAMOS! 🙌 🔥 🙌 #siliconvalley
37w 5 likes Reply
View replies (1)
joanie_black1111 👏 👏 Yes-we need you! LA was great when you were in office! 🙌 🙌
520 likes
July 23, 2024
Add a comment...
Antonio Villaraigosa
Proven Problem Solver




18. In light of the fame, acquired goodwill, and overall consumer recognition of Plaintiff's Senior Mark, Plaintiff is very concerned that the public will likely be confused or mistakenly believe that Villaraigosa's campaign is endorsed, approved, sponsored by, or affiliated, connected, or associated with, Plaintiff.

19. Defendants' continued use of the confusingly similar Infringing Mark in commerce violates Plaintiff's valuable intellectual property rights in the Senior Mark, and Defendants' knowing, intentional, willful, and malicious use of this Infringing Marks is damaging to Plaintiff and Plaintiff's property. Indeed, Defendants have and will continue to reap the benefits of Plaintiff's reputation and goodwill based on this confusion, to Plaintiff's detriment.

20. Defendants have used the Infringing Mark to unfairly misappropriate and capitalize on the value and goodwill of Plaintiff's Senior Mark. Defendants are and were aware of Plaintiff's strong trademark rights and reputation, but nevertheless, use the Infringing Mark to profit from the goodwill associated with Plaintiff's Senior Mark.

21. Defendants have intentionally and knowingly capitalized off of confusion between Plaintiff's Senior Mark and Defendants' Infringing Mark, including by using a confusingly similar mark in connection with a competing gubernatorial campaign, as described above.

22. Plaintiff's interest in protecting its intellectual property rights and its campaign from consumer confusion outweighs any harm to Defendants. The public interest is best served by granting Plaintiff's requested relief against Defendants.

23. On or around April 18, 2025, Plaintiff, through its counsel, sent a letter to Villaraigosa pointing out Plaintiff's superior rights to the Senior Mark and Villaraigosa's infringement thereof, and demanding that Defendants cease and desist further infringement. *See* **Exhibit B** for a true and correct copy of Plaintiff's April 18, 2025 letter.

24. Because no response had been received, on or around April 24, 2025, April 25, 2025, and April 28, 2025, Cloobeck sent text messages to Villaraigosa inquiring whether he had ceased use of the Infringing Mark and threatening to initiate formal litigation.

25. On April 29, 2025, Defendants responded to Plaintiff's April 18, 2025 letter denying infringement of the Mark and stating a clear intention to continue using the Infringing Mark in Villaraigosa's campaign.

26. Determined to mislead consumers, Defendants have continued to engage in campaign marketing to make them appear indistinguishable from Plaintiff. As a result, consumers are likely to be confused, mistaken, and/or deceived. Additionally, Defendants' political views and platform are unknown to Plaintiff but, at a minimum, Plaintiff lacks the ability to control such views and platform. Defendants' conduct holds a great potential to not only harm Plaintiff's campaign, but also to harm Plaintiff's goodwill and diminish the value of the Senior Mark.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1125(a))

27. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth below.

28. Plaintiff has valid and enforceable trademark rights in its Senior Mark, "I AM A PROVEN PROBLEM SOLVER," as described above. Indeed, Plaintiff is the

sole owner of all right and title to the Senior Mark.

29. Plaintiff's Senior Mark has been extensively and continuously used in commerce since at least as early as March 2024 in connection with California gubernatorial campaign.

30. As a result of Plaintiff's extensive promotion and use of its Senior Mark, Plaintiff's Senior Mark is recognized as famous and distinctive, and is identified by the purchasing public as being associated with Plaintiff.

31. Notwithstanding Plaintiff's preexisting valid and enforceable rights in its Senior Mark, Defendants adopted a confusingly similar mark, "PROVEN PROBLEM SOLVER," without permission or approval. Defendants' unauthorized use of this Infringing Mark includes use of the Infringing Mark in connection with Villaraigosa's competing gubernatorial campaign.

32. Defendants' use in commerce of the Infringing Mark in connection with Defendants' campaign violates Plaintiff's common law trademark rights in that it creates a false association between Plaintiff's campaign, and Defendants' campaign. In this manner, consumers are highly likely to be confused and mistakenly believe that Defendants are endorsed, approved, or sponsored by, or affiliated, connected, or associated with Plaintiff.

33. As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled to the recovery of actual damages, the precise amount of which shall be established by Plaintiff at trial.

34. On information and belief, because Defendants committed the acts alleged above with knowledge of Plaintiff's prior rights to, and use of, the Senior Mark, and with the intent to trade on Plaintiff's trademark and goodwill, Plaintiff is entitled to an award of enhanced damages, as justified by Defendants' willful and intentional acts. Moreover, Defendants acted with oppression, fraud or malice, further entitling Plaintiff to an award of punitive damages against Defendants, in addition to actual damages.

35. Defendants' wrongful activities have caused, and unless enjoined by this

Glaser Weil

Court, will continue to cause irreparable injury and other damage to Defendants' business, reputation, and goodwill in its trademark, which cannot be adequately remedied by monetary damages, leaving Plaintiff with no adequate remedy at law. As such, Plaintiff is entitled to injunctive relief to prohibit Defendants, and anyone associated therewith, from any further commercial use of Plaintiff's trademark.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition – 15 U.S.C. § 1125(a))**

36. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth below.

37. Defendants have deliberately and willfully attempted to trade on Defendants' hard-earned goodwill in the Senior Mark and the reputation established by Plaintiff in connection with his gubernatorial campaign. For example, Defendants have adopted the confusingly similar Infringing Mark.

38. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the public perception of his campaign associated with the Senior Mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

39. Defendants' conduct is likely to cause (and has caused) confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants and his campaign, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

40. As a direct and proximate result of Defendants' aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in the Senior Mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

Glaser Weil

Glaser Weil

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A. Entry of an order holding Defendants liable for infringement of Plaintiff's Senior Mark;

B. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined and restrained from:

1. Using any of Plaintiff's trademarks or any other trademark that is confusingly similar to Plaintiff's trademarks or gives rise to a likelihood of confusion, mistake, or deception with respect to Plaintiff's trademarks;

2. Doing any act or thing likely to induce the mistaken belief that Defendants or Villaraigosa's campaign, is in any way approved by or affiliated, connected, or associated with Plaintiff or Plaintiff's campaign; and

3. Unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff;

C. Entry of an order requiring Defendants and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, to file with this Court and serve upon Plaintiff, within thirty (30) days after entry of the injunction, a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all use of Plaintiff's Senior Mark or the Infringing Mark and removing all images of Plaintiff's Senior Mark or the Infringing Mark from websites controlled by Defendants;

D. Entry of an order requiring Defendants to deliver up for destruction all infringing materials, including all storage media, Internet webpages/scripts/html code, advertisements, brochures, current inventory of products, listings of services, articles,

packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature sales aids, receptacles, templates or other matter in the possession, custody, or under the control of Defendants or its agents, that contain infringing copies of Plaintiff's Senior Mark;

E. An accounting against Defendants, and an award of monetary relief to Plaintiff in an amount to be fixed by the Court in its discretion, including:

1. All profits received by Defendants from sales and revenues of any kind made as a result of their unlawful actions;

2. All damages sustained by Plaintiff as a result of Defendants' acts of trademark infringement;

3. All actual, compensatory, consequential, and other damages, including pre- and post-judgment interest thereon at the highest lawful rate, suffered as a result of Defendants' trademark infringement; and

F. Entry of an order granting Plaintiff such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 3(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial of all issues that may be tried by a jury in this action.

DATED: April 29, 2025

Respectfully submitted,

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: *Lawrence M. Hadley*

PATRICIA L. GLASER
LAWRENCE M. HADLEY
LARA A. PETERSEN
Attorneys for Plaintiff