| | |
|---|---|
| 1 | PATRICIA L. GLASER - State Bar No. 55668 |
|   | pglaser@glaserweil.com |
| 2 | LAWRENCE M. HADLEY - State Bar No. 157728 |
|   | lhadley@glaserweil.com |
| 3 | LARA A. PETERSEN - State Bar No. 318475 |
|   | lpetersen@glaserweil.com |
| 4 | GLASER WEIL FINK HOWARD |
|   |   JORDAN & SHAPIRO LLP |
| 5 | 10250 Constellation Blvd., 19th Floor |
|   | Los Angeles, CA 90067 |
| 6 | Phone: (310)553-3000 |
|   | Fax: (310) 556-2920 |
| 7 | |
| 8 | Attorneys for Plaintiff |
|   | STEPHEN J. CLOOBECK |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. CLOOBECK, an individual, | Case No.: 2:25-CV-03790-AB-SK |
| Plaintiff, | Hon. André Birotte Jr. |
| v. | |
| ANTONIO R. VILLARAIGOSA, an individual; ANTONIO VILLARAIGOSA FOR GOVERNOR 2026, a non-profit political organization; and DOES 1-10, inclusive, | **PLAINTIFF'S/ COUNTERDEFENDANT'S ANSWER TO AMENDED COUNTERCLAIMS FOR TRADEMARK CANCELLATION AND DECLARATORY RELIEF** |
| Defendants. | |
| ANTONIO R. VILLARAIGOSA, an individual; ANTONIO VILLARAIGOSA FOR GOVERNOR 2026, a non-profit political organization, | |
| Counterclaimants, | |
| v. | |
| STEPHEN J. CLOOBECK, an individual, | |
| Counterdefendant. | |

# ANSWER TO COUNTERCLAIMS

Plaintiff/Counterdefendant Stephen J. Cloobeck ("Cloobeck") answers the Amended Counterlcaims filed by Defendants/Counterclaimants Antonio R. Villaraigosa and Antonio Villaraigosa for Governor 2026 (collectively, "Defendants") on May 22, 2025. If an allegation is not specifically admitted, it is hereby denied.

1. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on this basis denies them.

2. Cloobeck admits the allegations of paragraph 2.

3. Cloobeck admits that he has filed trademark registrations with the USPTO in connection with his campaign for governor of California. Cloobeck denies the remaining allegations of paragraph 3.

4. Cloobeck denies the allegations of paragraph 4.

5. Cloobeck denies that Cloobeck's trademarks and Lanham Act claims against Defendants are attempts to stifle core political speech during a campaign for public office. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on this basis denies them.

6. Cloobeck admits that there exists a substantial and immediate controversy between the parties but denies the remaining allegations of paragraph 6.

7. Cloobeck denies the allegations of paragraph 7.

## FIRST COUNTERCLAIM FOR RELIEF

### (Trademark Cancellation under 15 U.S.C. § 1064 and 15 U.S.C. § 1119)

8. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on this basis denies them.

9. Cloobeck denies the allegations of paragraph 9.

10. Cloobeck denies the allegations of paragraph 10.

11. Cloobeck denies the allegations of paragraph 11.

12. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on this basis denies them.

13. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on this basis denies them.

### SECOND COUNTERCLAIM FOR RELIEF

### (Declaratory Relief of Trademark Invalidity)

14. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on this basis denies them.

15. Cloobeck denies the allegations of paragraph 15.

16. Cloobeck denies the allegations of paragraph 16.

17. Cloobeck denies the allegations of paragraph 17.

18. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on this basis denies them.

19. Cloobeck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on this basis denies them.

### PRAYER FOR RELIEF

Cloobeck denies that Defendants are entitled to any of the relief requested by it or that it is entitled to any relief at all.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure to State a Claim

1. Defendants' Counterclaims and each of its claims for relief fail to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense – Failure to Mitigate Damages

2. Defendants' Counterclaims and each of its claims for relief are barred, in whole or in part, because Defendants failed to take reasonable steps to mitigate their alleged damages.

### Third Affirmative Defense – Fault of Others

3. Any loss, injury, damage or detriment actually suffered or sustained by Defendants was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence, fraudulent and/or

intentional misconduct or actions of parties other than Cloobeck.

### Fourth Affirmative Defense – Comparative Fault

4. To the extent that Defendants suffered any detriment, such detriment was caused or contributed to by Defendants' conduct, acts, omissions, activities, carelessness, recklessness, negligence, fraudulent and/or intentional misconduct, and Defendants' damages, if any, should be reduced in direct proportion to their fault.

### Fifth Affirmative Defense – Estoppel, Acquiescence

5. Defendants' Counterclaims and each of its claims for relief are barred, in whole or in part, by acquiescence or the doctrine of implied acquiescence because Defendants impliedly or explicitly, directly or indirectly, authorized, licensed, consented to, or acquiesced to Cloobeck's allegedly wrongful conduct.

### Sixth Affirmative Defense – Waiver

6. Defendants' Counterclaims and each of its claims for relief are barred, in whole or in part, by the doctrine of waiver.

### Seventh Affirmative Defense – Apportionment

7. Cloobeck is informed and believes that he is not legally responsible in any way for any of the damages and/or injuries, if any, claimed by Defendants in the Counterclaims; however, if Cloobeck is subjected to any liability to Defendants, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, and negligence of others. Any recovery obtained by Defendants against Cloobeck should be reduced in proportion to the entities, their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative liability. The liability of Cloobeck, if any, is limited in direct proportion to the percentage of fault, if any, actually attributed to Cloobeck.

### Eighth Affirmative Defense – Unclean Hands

8. Defendants' Counterclaims and each of its claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Affirmative Defense –
### Failure to Act in a Commercially Reasonable Manner

9.  Defendants' Counterclaims and each of its claims for relief are barred, in whole or in part, because Defendants failed to act in a commercially reasonable manner.

### Tenth Affirmative Defense – Offset

10. To the extent that Defendants have or will incur any damages by reason of Cloobeck's conduct arising out of this case, then Cloobeck has the right to offset any amounts owed to Defendants by Cloobeck against monies owed by Defendants to Cloobeck.

### Eleventh Affirmative Defense – Justified and Privileged Conduct

11. The conduct, if any, which is the subject of Defendants' Counterclaims, was absolutely and/or conditionally legally privileged, and/or justified. Further, Cloobeck's actions were in good faith and reasonable.

### Reservation of Rights

12. Cloobeck states that other defenses may exist as to Defendant's Counterclaims, and that Cloobeck does not waive, but rather reserves, the right to assert such defenses.

DATED: June 12, 2025

Respectfully submitted,

GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP

By: *Lawrence M. Hadley*
PATRICIA L. GLASER
LAWRENCE M. HADLEY
LARA A. PETERSEN

Attorneys for Plaintiff
STEPHEN J. CLOOBECK